**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

04-60955
CIV-SEITZ
MAGISTRATE
BANDSTRA

FILED
2004 JUL 21 PM 2:38

LEE McINTIRE, an individual,

Plaintiff,

v.

CARIBBEAN GLOBAL RESORTS INTERNATIONAL, INC., a Florida corporation, doing business as "CARIBBEAN GLOBAL", "PROSPECT COLLECTIONS" and "PROSPECT HALL COLLECTIONS",

Defendant.
_______________________________________/

**COMPLAINT**

Plaintiff, Lee McIntire, an individual, sues Defendant, Caribbean Global Resorts International, Inc., a Florida corporation, doing business as "Caribbean Global", "Prospect Collections" and "Prospect Hall Collections", and alleges:

***INTRODUCTION***

1. This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.55, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

***JURISDICTION***

2. Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

## *ALLEGATIONS AS TO PARTIES*

3. Plaintiff, Lee McIntire ("Mr. McIntire") is *sui juris* and a resident of Broward County, Florida.

4. Defendant, Caribbean Global Resorts International, Inc. ("Caribbean Global"), is a Florida corporation doing business as "Caribbean Global", "Prospect Collections" and "Prospect Hall Collections" in Broward County, Florida.

## *FACTUAL ALLEGATIONS*

5. On or about June, 1994, Mr. McIntire enrolled as a student at business school operated by Prospect Hall, Inc. ("Prospect Hall").

6. On or about June 30, 1994, Mr. McIntire executed and delivered to Prospect Hall a short-term loan student promissory note ("Student Loan Agreement").

7. A true and correct copy of the Student Loan Agreement is attached hereto and incorporated by reference as Exhibit "A".

8. Pursuant to the Student Loan Agreement, Mr. McIntire agreed to pay the sum of Ten Thousand Five Hundred Sixty ($10,560.00) Dollars as and for tuition for the business school courses offered by Prospect Hall.

9. Shortly after enrolling into Prospect Hall, Mr. McIntire determined that the business courses offered by Prospect Hall were grossly inadequate for his needs. Accordingly, after attending only seven classes, Mr. McIntire withdrew from Prospect Hall.

10. Mr. McIntire has not made any payments on the Student Loan Agreement since May 12, 1995.

11. Prospect Hall ceased doing business in October of 2003 and filed a Notice of

Voluntary Dissolution with the Florida Department of State, Division of Corporations on October 3, 2003.

12. Upon information and belief, sometime in late 2003, Prospect Hall sold or assigned the Student Loan Agreement to Caribbean Global under unknown terms.

13. Upon information and belief, Caribbean Global purchased the Student Loan Agreement as part of a business plan by Caribbean Global and Prospect Hall to dispose of uncollectible student loans in a business practice known more commonly in the debt collection trade as "junk debt collection." In the typical business model employed by businesses in the debt collection industry, the debt collection agency will buy charged-off accounts from the original lender for pennies on the dollar.

14. Businesses adopting the aforementioned business model will attempt to collect the principal indebtedness of the charged-off debt together with accrued interest from the consumer obligor using tactics which implicitly or even expressly state to the least sophisticated consumer that the stale, time-barred debt is an obligation which is enforceable through judicial means and is reportable to the credit reporting agencies despite such debts being "obsolete" and not reportable under the Fair Credit Reporting Act.

15. On or about June 1, 2004, an employee of Caribbean Global by the purported name of "Gloria Holt" ("Ms. Holt"), telephoned the grandfather of Mr. McIntire, to wit: Walter Suskay ("Mr. Suskay").

16. After identifying herself, Ms. Holt represented to Mr. Suskay that she had been attempting to contact Mr. McIntire concerning an unspecified matter and that Mr. McIntire needed to contact her immediately.

17. The communication by Caribbean Global to the grandfather of Mr. McIntire was not for the purpose of locating Mr. McIntire, but rather, the communication was part of a collection practice designed to prompt Mr. McIntire into paying the purported debt in order to avoid further embarrassment with his family.

18. Pursuant to the request of Ms. Holt, Mr. Suskay delivered the message to Mr. McIntire.

19. On or about June 11, 2004, Mr. McIntire telephoned Ms. Holt to determine the reason for the communication to his grandfather by Caribbean Global.

20. After Mr. McIntire identified himself, Ms. Holt stated that she was attempting to collect a student loan debt owed to Prospect Hall.

21. Upon learning the reason for the telephone communication by Caribbean Global, Mr. McIntire advised Ms. Holt that he needed to review his personal records concerning the Student Loan Agreement as he believed that he did not owe any money to Prospect Hall as a result of his withdrawal from the school.

22. In response to the statement by Mr. McIntire, Ms. Holt stated: "You need to resolve this matter, in order to avoid hurting your credit".

23. The representation that non-payment of the Student Loan Agreement could result in derogatory information being placed in the consumer report of Mr. McIntire was materially false as the information was not reported to the credit reporting agencies as a result of the debt being "obsolete" and not reportable under the Fair Credit Reporting Act.

**COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.*)**

24. This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

25. Mr. McIntire realleges and reaffirms the allegations contained in Paragraphs 1 through 23 above as if set forth hereat in full.

26. At all times material hereto, Mr. McIntire was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

27. At all times material hereto, Prospect Hall was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

28. At all times material hereto, the Student Loan Agreement was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

29. At all times material hereto, Caribbean Global was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

30. As more particularly described above, Defendant has violated the FDCPA in that Defendant has:

(a) engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692d;

(b) made a false representation of the character or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

(c) threatened to take any action that could not legally be taken or that is not

intended to be taken in contravention of §1692e(5); and

(d) used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

31. 15 U.S.C. §1692g provides, in pertinent part, the following:

> Notice of Debts; Contents
>
> Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:
>
> (a) The amount of the debt;
>
> (b) The name of the creditor to whom the debt is owed;
>
> (c) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (d) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (e) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

32. Caribbean Global violated the requirements of 15 U.S.C. §1692g by failing to provide Mr. McIntire with a notice of validation rights as required by the FDCPA.

33. Pursuant to 15 U.S.C. §1692k, Mr. McIntire is entitled to recover statutory

damages of $1,000.00, together with court costs and reasonable attorneys fees.

34. Mr. McIntire has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Lee McIntire, an individual, demands judgment against Defendant, Caribbean Global Resorts International, Inc., a Florida corporation, doing business as "Caribbean Global", "Prospect Collections" and "Prospect Hall Collections", for damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

**COUNT II - ACTION FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

35. This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

36. Mr. McIntire realleges and reaffirms the allegations contained in Paragraphs 1 through 23 above as if set forth hereat in full.

37. At all times material hereto, the Student Loan Agreement constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

38. At all times material hereto, Mr. McIntire was a "debtor" or "consumer debtor" as said terms are defined under Florida Statutes §559.55(2).

39. At all times material hereto, Prospect Hall was a "creditor" as said term is defined under Florida Statutes §559.55(3).

40. At all times material hereto, Caribbean Global was a "debt collector" as said term is defined under Florida Statutes §559.55(6).

41. As more particularly described above, Defendant has violated the FCCPA in that Defendant has asserted the existence of a legal right when such person knows the right does not exist, in contravention of Florida Statutes §559.72(9).

42. Mr. McIntire has retained the undersigned law firm to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

43. Pursuant to Florida Statute §559.77, Mr. McIntire is entitled to recover statutory damages of $1,000.00, together with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Lee McIntire, an individual, demands judgment for damages against Defendant, Caribbean Global Resorts International, Inc., a Florida corporation, doing business as "Caribbean Global", "Prospect Collections" and Prospect Hall Collections" , together with interest, costs and attorneys pursuant to Florida Statutes §559.77.

**DEMAND FOR JURY TRIAL**

Plaintiff, Lee McIntire, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660
(954) 763-8607 (FAX)

"Students Come First"

PROSPECT HALL
School of Business Since 1929
2620 Hollywood Blvd • Hollywood, Fl 33020 • (305) 923-8100

Career College Association Accredited Member

MP18

SHORT - TERM LOAN

STUDENT PROMISSORY NOTE

AMOUNT: 10,560.00 DATE: 6/30/94

FOR VALUE RECEIVED, I, Lee McIntre, DO PROMISE TO PAY TO THE ORDER OF PROSPECT HALL THE SUM OF $ 10,560.00, WITH NO INTEREST. THE SAID PRINCIPLE SHALL BE PAYABLE TO PROSPECT HALL LOCATED AT 2620 HOLLYWOOD BOULEVARD, HOLLYWOOD, FL. 33020. SAID PAYMENT SHALL COMMENCE AS FOLLOWS:

THE TOTAL AMOUNT OWED IS $ 10,560.00, THIS WILL BE PAID AS FOLLOWS:

AMOUNT OF PAYMENT 155.00 NUMBER OF PAYMENTS 24

PAYMENT START DATE 7-15-94

X THIS FINANCING IS BASED UPON ONE YEARS CHARGES AT A TIME.

X UPON DROPPING FROM SCHOOL STUDENT IS RESPONSIBLE FOR ANY BALANCE OF ACCOUNT NOT COVERED BY OTHER FINANCIAL ASSISTANCE.

X NO FINALS, GRADES, TRANSCRIPTS, DIPLOMAS, OR CERTIFICATES WILL BE ISSUED UNTIL BALANCE OF ACCOUNT IS PAID IN FULL.

STUDENT: [signature] [signature] Lee McIntre DATE: 6-30-94

SIGNATURE [signature] SS#: [redacted]

SCHOOL OFFICIAL: [signature]

**EXHIBIT "A"**

JS 44 (Rev. ...)

# CIVIL COVER SHEET

04-60955

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

LEE McINTIRE, an individual

**DEFENDANTS** CIV - SEITZ

CARIBBEAN GLOBAL RESORTS INTERNATIONAL, INC., a Florida corporation, et al.

MAGISTRATE BANDSTRA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert W. Murphy, 1212 SE 2nd Ave.
Ft. Lauderdale, FL 33316 (954)763-8660

ATTORNEYS (IF KNOWN)
0:04CV60955 PAS/TEB

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

XX 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence
- HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs.
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS – Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- X 890 Other Statutory Actions A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) Action for violation of 15 USC §1692, et seq., a/k/a "Federal Fair Debt Collection Practices Act," prohibiting debt collectors from engaging in abusive, deceptive and unfair practices.

LENGTH OF TRIAL
2 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: XX YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions): IF ANY
JUDGE ______ DOCKET NUMBER ______

DATE 7/20/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 531598 AMOUNT 150.00 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______